IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OLIVIA HOUSLEY,

    *Plaintiff,*

vs.

                                                                                                        Case No. 13-1021-EFM

SPIRIT AEROSYSTEMS, INC.,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Olivia Housley's Motion for Judgment as a Matter of Law or for New Trial (Doc. 115). In January 2015, a jury found Defendant Spirit Aerosystems, Inc., not liable for age discrimination for failing to hire Housley. Housley alleges various concerns about the trial, including improper communications with jurors. Because the Court finds that Housley has failed to show an adequate ground for relief, the Court denies the motion.

**I. Legal standard**

Federal Rule of Civil Procedure 50(a)(1) provides that judgment as a matter of law is appropriate only if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." In other words, "[j]udgment as a matter of law is only appropriate if the evidence

points but one way and is susceptible to no reasonable inferences" that may support the opposing party's position.[1] By rule, "[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury."[2] Rule 50(b) allows the party that made a Rule 50(a) motion for judgment as a matter of law during the trial to "file a renewed motion for judgment as a matter of law" after the trial and include an alternate motion for a new trial under Rule 59.

Federal Rule of Civil Procedure 59(a) allows the court to grant a new trial on motion "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal courts." Whether to grant a motion for new trial under Rule 59(a) is up to the sound discretion of the trial court.[3] Such a motion is "not regarded with favor and should only be granted with great caution."[4] In reviewing a motion for new trial, the court must view the evidence in the light most favorable to the prevailing party.[5] The party seeking to set aside a jury verdict must demonstrate trial errors constituting prejudicial error or demonstrate that the verdict is not based on substantial evidence.[6] In making that determination, the court's "inquiry focuses on whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence."[7] The court should "ignore errors that do not affect the essential fairness of the trial."[8]

---

[1] *Strickland v. United Parcel Serv., Inc.*, 555 F.3d 1224, 1228 (10th Cir. 2009) (internal quotations and citations omitted).

[2] Fed. R. Civ. P. 50(a)(2).

[3] *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *Hinds v. Gen'l Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir. 1993).

[4] *Paradigm Alliance, Inc. v. Celeritas Techs., LLC*, 722 F. Supp. 2d 1250, 1258 (D. Kan. 2010) (internal quotations and citations omitted).

[5] *Griffin v. Strong*, 983 F.2d 1544, 1546 (10th Cir. 1993); *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1156 (10th Cir. 2006).

[6] *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).

[7] *Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 363 (10th Cir. 1986).

## II. Analysis

Initially, the Court notes that Housley did not make a motion for judgment as a matter of law before the case was submitted to the jury. By rule, a post-trial motion under Rule 50(b) "is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury."[9] Therefore, the Court will not consider Housley's motion for judgment as a matter of law because the post-trial filing is not authorized by the federal rules. Instead, the Court will consider Housley's motion as a motion for new trial under Rule 59.

In her motion, Housley gives the following reasons for a new trial:

> 1. The verdict is contrary to law.
> 2. The verdict is not sustained by sufficient evidence.
> 3. The verdict is against the weight of the evidence.
> 4. The verdict is against the law and the evidence.
> 5. During the course of the trial, the defendant's corporate representative, Cassandra S. Caster, was observed communicating with two members of the jury while entering the courthouse.
> 6. The defendant's representatives and witnesses were in a room and hallway in close proximity to the jury room throughout the trial.
> 7. A member of the jur[y] was observed asleep during the course of the trial.[10]

The motion also includes two exhibits listing 23 concerns related to the trial raised by Housley.[11] On viewing the evidence in the light most favorable to Spirit, the prevailing party, the Court finds that Housley has failed to demonstrate trial errors constituting prejudicial errors or demonstrate that the not liable verdict was not based on substantial evidence. The Court notes that Housley did not object or otherwise bring the issues relating to the jurors and jury room to

---

[8] *McDonough*, 464 U.S. at 553.

[9] *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008).

[10] Plaintiff's Motion for Judgment as a Matter of Law or for New Trial, Doc. 115.

[11] Plaintiff's Motion for Judgment as a Matter of Law or for New Trial, Doc. 115.

the attention of the Court during the trial. Therefore, Housley has effectively waived the right to raise the issue of jury prejudice.[12] Further, the Court has reviewed Housley's list of concerns about the trial and finds that none of her allegations affected the essential fairness of the trial. Certainly, none of the allegations listed demonstrate that Housley was prejudiced to the degree that would warrant a new trial. As a result, Housley's motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Judgment as a Matter of Law or for New Trial (Doc. 115) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of March, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[12] *See Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 338 F. Supp. 2d 1248, 1250 (D. Kan. 2004) ("[Plaintiff's] failure to timely raise the issue makes it difficult for the Court to make a meaningful inquiry.").